**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LARON ROSS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| OTIS CHARLES HILL AND | § | |
| PROFESSIONAL TRUCK | § | JURY DEMANDED |
| TRANSPORTATION, LLC | § | |
| | § | |
| *Defendants*. | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

---

TO THE HONORABLE COURT:

Plaintiff, Laron Ross, files his Original Complaint and Jury Demand against Defendant, Otis Charles Hill and Professional Truck Transportation, LLC, and respectfully shows the Court the following:

**I.**
**PARTIES**

1. Plaintiff, Laron Ross, is an individual who resides in Hopkins County, Texas and is a citizen and resident of the Eastern District of Texas.

2. Defendant, Otis Charles Hill ("Hill") was operating a commercial vehicle ("18 wheeler") that rear ended Plaintiff's vehicle. Hill was and is a resident of Mississippi. Hill may be served with personal process at the following address: 7410 W. Murray Hill Road, Olive Branch, MS 38654 in DeSoto County, Mississippi.

3. Defendant, Professional Truck Transportation, LLC (PTT) is a limited partnership engaged in and doing business in Texas. Defendant PTT's principal place of business is located at 4189 Old Brownsville Rd., Memphis TN 38135. Defendant PTT may be served with process through its registered agent, Lamar Washington, at: 4189 Old Brownsville Road, Memphis, TN 38135-1435.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1132 because this is a suit between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a)(1)(2) and (3), as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## III.
## FACTUAL BACKGROUND

5. On December 7, 2015, Plaintiff was operating a traffic maintenance truck heading east bound on Interstate 30. Plaintiff's vehicle was equipped with a caution arrow board that indicated that traffic should move to the inside lane of travel.

6. Defendant Hill was operating a commercial 18-wheeler east bound on Interstate 30. Defendant's vehicle is owned and/or leased by Defendant PTT. Defendant Hill failed to control his speed and violently crashed into the back of Plaintiff's vehicle.

7. In this collision, the negligent and grossly negligent operation of Defendant PTT's truck by Defendant Hill caused a violent crash that caused Plaintiff to suffer injuries, harms and losses.

8.  As a proximate and producing cause result of the above-described actions or inactions of Defendant(s), Plaintiff sustained serious and permanent damages.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Negligence*

9.  At the time and place in question, PTT, by and through its employee and/or permissive driver, Hill, was guilty of the following separate acts of negligence, each of which, singularly or in combination, were a proximate cause of the injuries, harms and losses alleged herein. Additionally, in the event it is determined that Hill is not an employee of PTT, then he was a permissive operator of the 2011 Volvo Tractor Trailer truck owned or leased by PTT and was using it with PTT's knowledge, consent and approval. Further, Hill was guilty of negligence for the following reasons:

   a.  Failing to maintain a proper lookout as a person using ordinary care would have done by not observing Plaintiff's vehicle directly in front of him and stopping before violently rear ending Plaintiff's vehicle;

   b.  Failing to take evasive action as a person using ordinary care would have done by failing to timely apply the brakes and take other action to avoid the collision;

   c.  Failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances;

   d.  Failing to ensure that he could stop safely prior to violently colliding with Plaintiff's vehicle;

   e.  Failing to control his speed;

   f.  Failing to timely apply his brakes;

  g. Being a distracted driver because he was emailing or texting or otherwise using a cellular devise at the time of the crash;

  h. Failing to follow at a safe distance; and

  i. Failing to take appropriate action to avoid the wreck such as a reasonably prudent person would have done under the same or similar circumstances.

10. Plaintiff would show that PTT's omissions or acts through their officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the crash and Plaintiff's resulting injuries, harms and losses. These acts and/omissions include but are not limited to the following:

  a. Failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee driver's or inexperienced permissive drivers or hired hands over whom it exercised control;

  b. Failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

  c. Failing to ensure that its employees, inexperienced permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

  d. Failing to adequately manage, direct, and/or supervise its employees, permissive drivers and/or hired hands over whom it exercised control;

  e. Failing to adequately manage, direct, and/or supervise its management personnel, including employees, permissive drivers or hired hands;

  f. Failing to exercise reasonable care in the supervision of employees, permissive drivers and/or hired hands over whom it exercised control;

  g. Failing to reasonably exercise the supervisory right of its employees, permissive drivers and/or hired hands over whom it exercised control;

    h.       Failing to stop its employees, permissive drivers and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and failing to instruct employees, permissive drivers and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

    i.       Failing to comply with its policies and procedures relating to conducting safety meetings with its employees, permissive drivers and/or hired hands over whom it exercised control;

    j.       Failing to properly implement Job Safety Analysis ("JSAs") relating to the safe operation of company vehicles for its employees, permissive drivers and/or hired hands over whom it exercised control pursuant to the FMCSR;

    k.       Failing to ensure a competent, adequately trained and experienced employee, permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle on the date of the wreck;

    l.       Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees, permissive drivers and/or hired hands over whom it exercised control, to ensure employees, permissive drivers and/or hired hands over whom it exercised control, could safely operate company vehicles pursuant to the FMCSR;

    m.       Failing to require its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR;

    n.       Failing to have policies and procedures in place that would prevent its employees, permissive drivers and/or hired hands over whom it exercised control from using a cell phone or other electronic device while attempting to operate a company vehicle;

    o.       Failing to develop and/or implement a post-accident drug testing policy for its employees, permissive drivers and/or hired hands over whom it exercised control;

    p.       Failing to perform a post-accident drug test or take other remedial action relating the Defendant Hill after the wreck pursuant to the FMCSR;

    q.    Failing to implement and enforce a "distracted driver" policy to ensure that its employees, permissive drivers and/or hired hands over whom it exercised control would not operate a company vehicle while operating any electronic device or otherwise being distracted while driving, including cell phones, personal digital devices, iPad, iPhones or other electronic devices;

    r.    Failing to demand that Defendant Hill undergo remedial driver training after the wreck that makes the basis of Plaintiff's claims pursuant to the FMCSR;

    s.    Failing to ensure that a safety meeting occurred prior to Defendant Hill's operation of the company vehicle on the date of the wreck;

    t.    Failing to keep records in compliance with its document retention policy;

    u.    Failing to conduct a proper road test of Hill per the applicable FMCSR; and

    v.    Failing to comply with the provisions of the FMCSR, in whole or in part, as it relates to the operation of the company vehicle being operated by Hill on the date of the wreck.

11. All of the above identified acts or omissions on the part of PTT and/or its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control, including Hill, was or were a proximate cause of the wreck that makes the basis of this lawsuit and the resulting injuries, harms and losses sustained by the Plaintiff.

12. Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff.

## SECOND CAUSE OF ACTION
### *Negligence Per Se*

13.     The occurrence made the basis of this suit and the Plaintiff's resulting injuries and damages were proximately caused by the *negligence per se* of Defendants, PTT and Hill in one or more of the following respects:

(a)     An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.  § 545.062, Tex. Tran. Code Ann. (2012).

14.     At all times material to this cause of action, Plaintiff belonged to that class of persons for whom said statutes were enacted to protect. Plaintiff would also show that each one of the foregoing acts and/or omissions constituted *negligence per se* and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the collision in question, and the serious, painful and permanent injuries sustained and damages incurred by the Plaintiff.

15.     Plaintiff would further show that each one of the foregoing acts and/or omissions also constitute evidence of negligence and that one, more than one, or al of such acts and/or omissions and various combinations thereof were a proximate cause of the violent wreck in question, and the serious, painful and permanent injuries, harms and losses sustained by the Plaintiff.

### THIRD CAUSE OF ACTION
*Negligent Entrustment*

16. Plaintiff alleges that Defendant, PTT negligently entrusted the 2011Volvo Tractor Trailer truck to Defendant Hill.  Defendant PTT exercised control of whom was allowed to operate the 2011Volvo Tractor Trailer and Hill was permissively operating it at the time of the wreck. Plaintiff asserts that PTT entrusted the 2011Volvo Tractor Trailer to Hill on the date of the wreck, that Hill was an unlicensed, incompetent or reckless driver at the time of the entrustment, that PTT knew or should have known Hill was an unlicensed, incompetent, or reckless driver, that Hill was negligent in causing the wreck and that Hill's negligence in causing the wreck was a proximate cause of Plaintiff's injuries, harms and losses.

### V.
### OTHER PLEAS

*Statutory Employee*

17. At all times material to this cause of action, Hill was for all purposes a statutory employee of PTT as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute.  An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…" 49 C.F.. § 390.5 (1997).  Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto."  PTT is thereby vicariously liable for the negligent actions of Hill.

*Respondent Superior*

18. At all times relevant hereto, Hill, was in the course and scope of his employment with PTT and/or one of the companies owned or controlled by PTT and/or was under PTT's supervision, direction and control as a permissive operator of the truck he was operating at the time of the wreck, thereby rendering PTT vicariously liable for the actions of its employee and/or permissive user and/or hired hand, Hill.

## VI.
### DAMAGES

19. Plaintiff, Laron Ross, individually, suffered serious injury when his vehicle was struck by Defendants vehicle. Those damages include, but are not limited to: physical pain and mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; disfigurement in the past and future; and medical care in the past and that, in reasonable probability, will be sustained in the future, loss of earning capacity in the past and that in reasonable probability, will be sustained in the future and loss of household services in the past and that, in reasonable probability, will be sustained in the future.

## VII.
### JURY DEMAND

20. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have a judgment against Defendants, for those damages described above and in the full amounts allowed by law, specifically including, but not limited to:

a. A judgment in excess of the jurisdictional limits of this Court;

b. pre-judgment interest;

c. post-judgment interest;

d. costs and expenses; and

e. all such other relief, whether at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

  /s/ Craig D. Zips  
**CRAIG D. ZIPS**
State Bar Card No. 00797729
**TAB E. LAWHORN**
State Bar Card No. 24039009

**DERRYBERRY ZIPS WADE LAWHORN, PLLC**
100 E. Ferguson, Suite 1212
Tyler, TX 75702
(903) 526-2767 – Tel
(903) 526-2714 – Fax
czips@dzwlaw.com
tab@dzwlaw.com

**ATTORNEYS FOR PLAINTIFF**